UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JACOB BOURG | * | CIVIL ACTION NO.: |
| | * | |
| VERSUS | * | |
| | * | ADMIRALTY RULE 9(h) |
| LORRIS G. TOWING CORP. | * | |
| | * | |
| | * | MAGISTRATE NO.: |
| | * | |
| | * | |
| | * | SECTION NO.: |
| | * | |
| | * | |

****************************************************************************

# COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes plaintiff, JACOB BOURG, who alleges upon information and belief as follows:

1.

Made defendant in this action is:

A. LORRIS G. TOWING CORP., whose domicile is 15587 East Main St., Cut Off, Louisiana 70345, Parish of Lafourche.

2.

Plaintiff brings this action pursuant to the Jones Act, 46 U.S.C.A. §30104 and the General Maritime Law, for the injuries sustained by JACOB BOURG, in the course of his employment as a seaman.

3.

This court has jurisdiction on actions arising under the Jones Act. Venue is proper in this district pursuant to 28 U.S.C.A. §1391.

4.

Plaintiff hereby demands a jury trial on all issues pursuant to his statutory right to a jury under the Jones Act.

5.

Plaintiff is informed and believes and thereon alleges that at all times pertinent herein, defendant, LORRIS G. TOWING CORP., owned and operated the M/V LADY G III.

6.

At all times pertinent herein, defendant employed Plaintiff as Deckhand on their vessel, M/V LADY G III operating in the Intracoastal Canal between Louisiana and Texas.

7.

On or about February 1, 2020, the M/V Lady G III was located in Matagorda County, Texas after traveling west in the Intracoastal Waterway from Louisiana.

8.

While under tow the M/V Lady G III began experiencing engine trouble.

9.

Upon information and belief, the engine starter was faulty, and if shut down, the engine would not start again until the faulty starter was replaced.

10.

The M/V Lady G III had multiple, safer, potential stops it could have made in order to change out the faulty starter, but in order to keep on schedule continued operating in the Intracoastal Waterway for approximately two to three days before stopping to replace the faulty part.

11.

On or about February 1, 2020, Plaintiff was tasked with retrieving the replacement engine part while the M/V Lady G III was moored at, or near Sargent, Matagorda County, Texas. At approximately 9 p.m. Plaintiff departed from the M/V Lady G III via aluminum flatboat owned by Lorris G. Towing.

12.

While traveling from vessel to shore in the flatboat, a passing boat pushing a barge, which is upon information and belief owned by Lorris G. Towing, shined a light on Plaintiff. After being illuminated and partially blinded by the spotlight, Plaintiff immediately decelerated and turned his boat starboard where he struck a rock jetty. The force of the allision injured Plaintiff's knee and back and began the process that eventually required surgery to repair Plaintiff's left knee.

13.

Plaintiff was in the course and scope of his employment as a Jones Act Seaman on the M/V Lady G III when he sustained his injuries.

14.

His injuries limited him physically and precluded him from returning to work for a period of approximately two years.

15.

Plaintiff's injuries are the direct and proximate result of the negligence of defendant, Plaintiff's supervisors, co-workers, and the captain aboard the M/V Lady G III.

16.

Plaintiff in no way caused or contributed to cause the incident complained of herein, nor the resultant damages, and in fact, had no reasonable opportunity to avoid same.

## FOR A FIRST CAUSE OF ACTION – DAMAGES FOR PAIN AND SUFFERING OF A SEAMAN UNDER THE JONES ACT, 46 U.S.C.A. §30104

17.

Incorporated herein by this reference is each and every allegation contained in Paragraphs 1 through 16, inclusive, as if set forth in full.

18.

Plaintiff's injuries were proximately caused by each of the following negligent acts and/or omissions of defendant, LORRIS G. TOWING, CORP.:

(a) Breach of legally imposed duty of reasonable care resulting in the incident and injuries referred to herein;

(b) Failure to provide a reasonably safe place to work, resulting in the incident and injuries referred to herein;

(c) Failure to provide a seaworthy vessel, of which defendant had knowledge prior to and at the time of the incident;

(d) Negligence of defendant's agents, resulting in the incident and injuries referred to herein, including, but not limited to, the failure to provide adequate procedures;

(e) Failure to supervise employees properly which resulted in the incident and plaintiff's injuries;

(f) Provision of inadequate personnel to do the job assigned, of which inadequacy defendant had knowledge prior to and at the time of the incident sued upon; and

(g) Other acts and/or omissions of negligence which may be introduced at the trial of this matter.

19.

Plaintiff alleges that each of the acts and omissions described hereinabove proximately

caused him to suffer conscious pain and suffering.

20.

Plaintiff, JACOB BOURG, is entitled to recover for his pain and suffering in an amount according to proof.

## FOR A SECOND CAUSE OF ACTION-UNSEAWORTHINESS

21.

Incorporated herein by this reference is each and every allegation contained in Paragraphs 1 through 20, inclusive, as if set forth in full.

22.

Pursuant to the General Maritime Law of the United States of America, the aforementioned defendant had the absolute and non-negligible duty to provide Plaintiff with a safe and seaworthy vessel, but failed to do so.

23.

More particularly, defendant provided an unseaworthy vessel in one or more of the following non-exclusive particulars:

(a) Failure to provide a seaworthy vessel;

(b) Failure to provide adequate procedures;

(c) Negligence of defendant's agents and failure to provide a seaworthy crew, resulting in the accident and injuries referred to herein;

(d) Failure to supervise employees properly resulting in the accident and injuries referred to herein; and

(e) Other instances of unseaworthiness that will be proven at trial.

## FOR A THIRD CAUSE OF ACTION

24.

Plaintiff avers that defendant is liable to the plaintiff for the conduct of its agent and for other acts of negligence as cited above, as well as negligence and other liabilities pursuant to General Maritime Law and any other applicable laws for its non-delegable duty to provide maintenance in an amount that is reasonable in the premises and cure for all medical expenses incurred by complainant as a result of the injuries sustained in this accident.

25.

Plaintiff is informed and believes and thereon alleges that each of the acts and omissions of defendant described hereinabove proximately caused Plaintiff to suffer conscious pain and suffering, including, but not limited to:

(a) Past and future physical pain and suffering;

(b) Past and future mental anguish;

(c) Past and future emotional distress;

(d) Past and future lost wages;

(e) Past and future loss of earning capacity;

(f) And past medical expenses;

(g) As well as other general and special damages that are reasonable in the premises.

WHEREFORE, plaintiff, JACOB BOURG, an adult of the age of majority, prays that after due proceedings are had that there be judgment entered in his favor and against the defendant, LORRIS G. TOWING CORP., for special and general damages in an amount according to proof, for interest on all damages in the legal amount from the date of judicial demand, for maintenance and cure, for exemplary and punitive damages, and for all costs of these proceedings, as well as

such other and further relief as the court may deem proper, in an amount that is reasonable in the premises.

Respectfully submitted,

____/s/ Timothy J. Falcon____
**Timothy J. Falcon, #16909**
Email: tim@falconlaw.com
**Jeremiah A. Sprague, #24885**
Email: jerry@falconlaw.com
**Jarrett S. Falcon, #34539**
Email: jarrett@falconlaw.com
**Cameron J. Falcon #39877**
Email: cameron@falconlaw.com
**Brennan L. Falcon #39876**
Email: brennan@falconlaw.com
**FALCON LAW FIRM, PLC**
5044 Lapalco Boulevard
Marrero, Louisiana 70072
Telephone: (504) 341-1234
Facsimile: (504) 341-8115
*Attorneys for Plaintiffs*

**PLEASE SERVE:**

**LORRIS G. TOWING, CORP.**
Through its agent for service of process:
Luke D. Guidry Sr.
15587 East Main Street
Cut Off, Louisiana 70345